## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | 06-10115-01-WEB |
| SAM ROCKMORE | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### GENERAL ORDER OF DISCOVERY AND SCHEDULING

In the interests of justice and judicial economy, the court enters the following general order of discovery and scheduling which will apply to the charges and to any superseding charges in this case. In general, the court will order the parties to comply with Rules 12, 12.1, 12.2, 16 and 26.2 of the Federal Rules of Criminal Procedure, with <u>Brady v. Maryland</u>, 373 U.S. 83, 83 S. Ct. 1194 (1963), <u>Giglio v. United States</u>, 405 U.S. 150, 92 S. Ct. 763 (1972) and their progeny and with Title 18, U.S.C. § 3500, as well as Rule 404(b), Federal Rules of Evidence. A request is not necessary to trigger the operation of the Rules and the absence of a request may not be asserted as a reason for noncompliance. A principal purpose of this order is to reduce or eliminate the filing of "boilerplate" discovery motions and motions for extension of time. Counsel are expected to communicate with each other regarding discovery so that the requirements of this order may be met without unnecessary motion

practice.   Nothing in this order is intended to deter the voluntary exchange of information between counsel at times sooner than those specified, which the court encourages.

<u>Disclosure by the Government</u>

No later than 30 days after arraignment, the government shall comply with Rules 12(d)(2) and 16 and <u>Brady/Giglio</u>.  Pursuant to Rule 16, the government shall copy for the defendant or permit the defendant to inspect and copy or photograph:

1.   Any relevant written or recorded statements made by the defendant, including grand jury testimony, within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

2.   The substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3.   A copy of defendant's prior criminal record, if any, within the possession, custody or control of the government or the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

4.   Any books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of a defense, or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

2

5.    Any results or reports of physical or mental examinations and or scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government, and which are material to the preparation of a defense or are intended for use by the government as evidence in chief at the trial.

6.    A written summary of testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case in chief at trial.  Such summary must describe the witnesses' opinion, the basis and reasons therefor, and the witnesses' qualifications.

Pursuant to <u>Brady</u> and <u>Giglio</u> and their progeny, the government shall produce any and all evidence in its possession, custody or control which would tend to exculpate the defendant (that is, evidence which is favorable and material to a defense), or which would constitute impeachment of government witnesses, or which would serve to mitigate punishment, if any, which may be imposed in this case. This includes and is not limited to the following:

1.    Any evidence tending to show threats, promises, payments or inducements made by the government or any agent thereof which would bear upon the credibility of any government witness.

2.    Any statement of any government witness which is inconsistent with a statement by the witness which led to the indictment in this case.

3.    Any statement of any government witness which the attorney for the government knows or reasonably believes will be inconsistent

3

with the witness's testimony at trial.

4.     Any prior conviction of any government witness, which involved dishonesty or false statement, or for which the penalty was death or imprisonment in excess of one year under the law under which he was convicted.

5.     Any pending felony charges against any government witness.

6.     Any specific instances of the conduct of any government witness which would tend to show character for untruthfulness.

Subject to the requirements of <u>Brady</u>, <u>Giglio</u> and pursuant to 18 U.S.C. § 3500 and Rule 26.2, the government may decline to disclose pretrial statements of any of its witnesses until each such witness has concluded his direct examination at trial.  At that time, the government shall produce the witness's prior statements that are in its possession and which relate to the witness's testimony. The court nevertheless urges the government to provide the statements at least 48 hours prior to the witness' scheduled appearance.

The government shall provide to the defendant the general nature of other crimes, wrongs or acts of the defendant which the government intends to use at trial of the case pursuant to Rule 404(b).  The government shall provide this information at least 30 days prior to trial. No later than 14 days prior to trial, the defendant shall file any motion objecting to the use of such evidence.  The motion shall state whether the defendant requests an evidentiary hearing.

<u>Disclosure by the Defendant</u>

Pursuant to Rule 16(b)(1), the government is granted reciprocal discovery which shall be disclosed by the defendant 14 days following Rule 16 disclosures by the government.

The defendant shall file all motions and notices pursuant to Rules 12(b)(1) and (2) and 12.2 and no later than 30 days following arraignment.  These motions are not dependent on discovery from the government.  Motions pursuant to Rules 12(b)(3) and (5) and Rule 12.1, which arguably may be dependent on discovery from the government, shall be filed **no later than 40 days following any arraignment**. Compliance with these requirements may not be delayed or excused by a claim that the government has not met its obligations under this order.

## Miscellaneous Requirements

The original arraignment date governs the times specified herein. The times specified are based on calendar days, <u>not</u> Fed. R. Cri. P. 45.  If the date for compliance falls on a Saturday, Sunday or legal holiday, it shall be extended until the first day which is not one of these dates.  The times will not be automatically modified, suspended, extended or restarted by the filing of additional or superseding charges.  D. Kan. R. Cr. 50.1.  If the filing of additional or superseding charges causes the government or the defendant to believe a modification of the time limits is required, counsel shall promptly request a status conference.  The defendant's presence will not be required at the hearing.  Rule 43(c)(1)(3).

If either the government or the defendant is unable for good cause shown to otherwise comply with the requirements of this order, the noncompliant party shall file at least 3 days before the compliance date a statement setting forth the reasons for noncompliance and stating when there will be compliance. Failure to comply with this order or to show good cause for not being able to comply may

5

result in disallowance of use of evidence or defenses not disclosed.

Should the government or the defendant require additional discovery not covered by this order, the party shall file a motion requesting the specific discovery along with proper memorandum and specific citations setting forth the authority for the request. The motion shall be filed no later than 7 days following the date(s) for disclosure set forth herein.

Any motion not specifically contemplated by the Rules shall be filed no later than 30 days following arraignment unless a different time is specified herein.

Responses to any motions filed pursuant to this order shall be filed no later than 10 days following the filing of the motion. The court will set hearings, as needed.

The word "file" as used throughout this order means filed in the clerk's office, not mailed.

It shall be the continuing duty of counsel for all parties to immediately reveal to opposing counsel any newly discovered information or other material within the scope of this order.

All requests for special voir dire questions to be asked by the court and jury instructions shall be submitted no later than 3 days prior to trial. There is no need to submit routine and standard instructions. However, any requests for instructions not routinely included in the court's charge must be submitted.

Whenever a defendant or witness has need for the services of an interpreter, the attorney whose client or witness will require the interpreter shall be responsible for arranging for the services of a competent interpreter. A defendant with retained counsel shall be

responsible for obtaining and paying for the services of an interpreter whose sole function is to interpret for the defendant.

Counsel shall notify the court as soon as a plea agreement is reached so that the case may be taken off the trial docket.

This case is set for trial on July 25th, at 9:00 a.m.  There will be a status/motions hearing July 17th, at 2:00 p.m.

IT IS SO ORDERED.

Dated this <u>9th</u> day of <u>June</u>, 2006, at Wichita, Kansas.


                                    s/Wesley E. Brown
                              Wesley E. Brown, U. S. District Senior Judge